GEORGE D. FROST, BY HIS GUARDIAN, v. EUNICE E. VOUGHT, BY HER NEXT FRIEND.

*Breach of Promise.*

A breach of promise suit does not lie upon a minor's promise to marry.

The Michigan statute (Comp. L., § 4719) declares males of eight-

een and females of sixteen legally capable of "contracting marriage." *Held*, (*a*) the term "contracting marriage" here means the actual forming of the marriage relation; (*b*) the statute makes such marriages valid, but does not empower infants to make executory contracts of marriage that will sustain a breach of promise suit.

Error to Clinton. Submitted June 8. Decided June 12.

TRESPASS ON THE CASE for damages from breach of promise to marry.

*H. & H. E. Walbridge* for plaintiff in error. An infant's promise to marry is voidable like any other of its executory contracts, 1 Bish. Mar & Div., § 144; *Hunt v. Peake*, 5 Cow., 475; *Hamilton v. Lomax*, 26 Barb., 615.

*R. Strickland* for defendant in error, as to liability of infants for non-performance, cited Tyler on Infancy and Coverture, 175; *Newry, etc., Ry. v. Coombe*, 3 Exch., 569.

PER CURIAM. Our statute which renders males of the age of eighteen and females of the age of sixteen competent to "contract marriage," makes the marriages actually entered into by them valid, but it does not empower such persons, while under the age of twenty-one, to make valid executory contracts of marriage for breach of which suits may be brought. By contracting marriage, under the statute, is to be understood the actual forming of the marriage relation.